**UNITED TOOLCRAFT COMPANY an Ohio Corporation, Plaintiff,**

**v.**

**GENERAL ELECTRIC COMPANY, Defendant.**

**In the Matter of UNITED TOOLCRAFT COMPANY, Debtor.**

**Bankruptcy No. 3–82–03369.
Adv. No. 3–83–0352.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

Sept. 28, 1983.

---

Ronald G. Logan, Dayton, Ohio, for plaintiff-debtor.

Dennis L. Patterson, Dayton, Ohio, for defendant.

John Ducker, Dayton, Ohio, Trustee.

### DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

### FINDINGS OF FACT

On 19 May 1983 United Toolcraft Company as Debtor in Possession under 11 U.S.C. Chapter 11 filed a Complaint against General Electric Company (hereinafter GE) for judgment in the amount of $18,048.34 with interest at 1½% per month from November 17, 1982, on a cause of action sounding in contract.

This matter is now before the Court upon Motion to Dismiss filed by Defendant General Electric Company on 1 June 1983. The Court considered the Motion at a pretrial conference held 15 June 1983, at which time the parties agreed that the Court could render decision on the record without the necessity of additional evidence. Debtor subsequently submitted on 19 August 1983, a Memorandum Contra the Motion to Dismiss.

Debtor admits owing the Huntington National Bank (hereinafter the Bank) on several obligations in original amounts totaling approximately $700,000.00 (determination of the precise amount is not necessary for the purpose of decision herein), secured by liens and security interests on real estate, equipment and accounts receivable. In an earlier adversarial proceeding, numbered 3–82–0854, this Court determined, by Order dated 4 January 1983, that the Bank's claim is secured by a valid security interest in certain accounts receivable, including one owed by GE, and also that Debtor had abandoned the accounts receivable. The Court consequently granted the Bank relief from the automatic stay of 11 U.S.C. § 362(a) to enforce its security interest in any collateral identified therein, including the account owed by GE.

Debtor subsequently instituted this action against GE for money judgment in the amount of $18,048.34 based upon the subject account. Debtor did not name the Bank as a party in the original pleading.

GE then filed the instant Motion arguing that the Complaint should be dismissed because:

(1) the Court lacks jurisdiction over the subject matter:

(2) the Complaint fails to state a cause of action upon which relief can be granted: and

(3) the Complaint does not properly join the Bank as a party.

GE essentially argues that, because of the previous abandonment of the account and also because the Court granted the Bank relief from stay to seek collection of the account, the Bank is the real party in interest, and further that Debtor is no longer an interested party in an action for collection of an account since any proceeds are fully secured and will go to the Bank.

Debtor responds that, because the Bank's claim is undersecured, the Bank will assert a deficiency claim against Debtor herein, and that Debtor possesses an interest in assuring that the full value of the account is collected and credited against the Bank's claim against Debtor.

Upon Motion by Debtor on 19 August 1983 and pursuant to Order, the Bank then was joined herein as a "Party-Plaintiff."

### DECISION AND ORDER

This Court possesses jurisdiction to resolve the amount of any claim asserted against or by a debtor's estate. 11 U.S.C. § 541; 28 U.S.C. § 1471; *White Motor Corp. v. Citibank, N.A.*, 704 F.2d 254, 10 B.C.D. 392 (6 Cir.1983); and *Butz v. Society National Bank of the Miami Valley (Matter of Clark)*, 30 B.R. 182, 10 B.C.D. 833, B.L.D. ¶ 69,196 (Bkrtcy.1983). In this case, the Court, after notice and hearing, previously permitted a creditor, the Bank, to proceed against a debtor of Debtor, GE, for the purpose of collecting on an account securing the Bank's claim. The key concern in this proceeding is no longer the liquidation of the amount owed by GE, but is the calculation of the anticipated deficiency claim to be asserted by the Bank.

It is the opinion of the Court that the determination of a deficiency claim asserted against a Debtor lies within the purview of this Court's jurisdiction. The mere fact that a deficiency claim is actual in amount does not preclude reduction of the claim by this Court. The possibility of a frivolous wasting of collateral by a creditor, or even the "mere" nonvigorous pursuit of collateral by a creditor, which results in an increased deficiency claim against a debtor's estate may reflect upon the creditor's good faith and, even regardless of good faith, may justify the reduction of an actual, yet perhaps not *bona fide*, deficiency claim against a debtor. 11 U.S.C. § 506. There is no evidence as to the total valuation of the substantial amount of cross collateral involved in the total claim.

In this case, the subject account no longer constitutes property of the estate. 11 U.S.C. §§ 541, 554. Because the estate's direct interest in the account is *de minimis*, liquidation of the account in this forum is not necessary to advance the estate's interest. The assertion of any deficiency directly against the estate, however, is properly reviewable by this Court in order to determine the allowable amount of such deficiency claim upon issues properly raised by the Debtor as a party in interest. 11 U.S.C. § 506.

A filed claim constitutes *prima facie* evidence of the validity and amount of the claim. Rule 3001(b) of the Bankruptcy Rules. Before the case is closed, nevertheless, an allowed claim may be considered for cause, to be then allowed or disallowed according to the equities of the case. 11 U.S.C. § 502(j).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the cause of action of collection on the subject account is DISMISSED on the basis of this Court's previous Order dated 4 January 1983 in Adversary Proceeding number 3-82-0854.

IT IS FURTHER ORDERED, however, that Debtor is GRANTED TWO WEEKS LEAVE from the date this decision is journalized to file an amended complaint for the purpose of a determination of secured status, and litigating the amount of the Bank's unsecured deficiency claim against the estate, upon liquidation of collateral, if a deficiency claim is to be asserted in the Bankruptcy Court.